IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL MARIE STEPHENS** : | **CIVIL ACTION** |
| : | |
| : | |
| **v.** : | |
| : | No. 14-2483 |
| **ZUCKER, GOLDBERG & ACKERMAN** : | |
| **LLC, et al.** : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                    **September 24, 2014**

In this action challenging a state-court judgment of mortgage foreclosure, the *pro se* plaintiff, Crystal Marie Stephens ("Stephens"), claims that the defendants, Zucker, Goldberg & Ackerman, LLC, Nationstar Mortgage LLC ("Nationstar"), Aurora Bank FSB ("Aurora"), Deutsche Bank Trust Company Americas ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") wrongfully foreclosed on her home without producing proof of ownership of the mortgage that had been invalidly transferred. She also alleges that Nationstar breached its contract with her when it failed to honor the terms of a modified payment agreement. She requests that "the court . . . assist [her] in validating the true and legal owner of [her] mortgage so that [she] may proceed with a modification . . . [and] avoid foreclosure."[1]

The defendants have moved to dismiss the complaint. They contend that the *Rooker-Feldman* doctrine and *res judicata* bar Stephens' claims, and that she has failed to sufficiently allege facts to state a claim against them.

---

[1] Am. Compl. at 7 (Doc No. 4).

We conclude that Stephens' action is barred by the *Rooker-Feldman* doctrine. Therefore, we shall grant the motions to dismiss.

## Procedural History and Factual Background

On January 26, 2007, Stephens refinanced the mortgage on her home which she has owned since 1990.[2] The mortgagee, Citizens Trust Financial Group ("CTFG"), assigned the mortgage to Residential Funding Corporation ("RFC").[3] Documentary proof of the assignment was lost when CTFG subsequently went out of business.[4] On December 19, 2008, in reliance on an affidavit detailing assignment from CTFG to RFC submitted in lieu of documentation, the mortgage was assigned from RFC to MERS.[5] MERS then assigned the mortgage to Aurora Loan Services, LLC.[6]

On September 17, 2009, Aurora filed a mortgage foreclosure action against Stephens in the Philadelphia Court of Common Pleas.[7] Nine months later, a default judgment was entered on June 11, 2010.[8]

According to Stephens, sometime before December 7, 2009, she entered into a "workout agreement" with Aurora.[9] She claims she was instructed to pay $398 per month from December 7, 2009 to June 2010 and $540.05 from July 2010 to January

---

[2] Am. Compl. at 4-5.

[3] Am. Compl. at 4-5; Certification of Matthew T. Eyet, Esq. ¶¶ 5, 7 ("Eyet Decl.") (Doc. No. 7).

[4] Eyet Decl. ¶ 7.

[5] Eyet Decl. ¶¶ 7-8 & Exs. C (Affidavit of Michele Thompson) (Doc. No. 8-1) and D (RFC-MERS Assignment) (Doc. No. 8-1).

[6] Eyet Decl. ¶ 10.

[7] Eyet Decl. ¶ 9; *id.* Ex. E (state court complaint, No. 090901470) (Doc. No. 8-2).

[8] Eyet Decl. ¶ 11.

[9] Am. Compl. at 5-6.

2011.  She contends that she made all payments until she was informed that Aurora went out of business.[10]  At that point, she stopped making payments.[11]

After judgment was entered, several sheriff's sales of the property were scheduled.[12]  Between April 26, 2011 and April 24, 2014, Stephens filed ten petitions to postpone the sheriff's sales in state court.[13]

That three-year period was punctuated by various efforts to forestall a foreclosure sale of the property.  Stephens filed bankruptcy petitions twice and had discussions to work out a payment plan.

On December 5, 2011, Stephens filed a Chapter 13 petition in the Bankruptcy Court for the Eastern District of Pennsylvania.[14]  The bankruptcy action was dismissed on February 15, 2012 because Stephens failed to file required information, including schedules.[15]

In August of 2012, Stephens received a loan modification packet from Nationstar, which identified it as the new servicer of her mortgage and identified documents

---

[10] Am. Compl. at 6.

[11] Am. Compl. at 6.

[12] Am. Compl. at 6; Docket, No. 090901470 (Phila. Ct. Cm. Pl. 2009).

[13] *See* Docket, No. 090901470 (Phila. Ct. Cm. Pl. 2009); Eyet Decl. ¶ 12.  The latest sheriff's sale, scheduled for August 5, 2014, has been stayed.  Docket, No. 090901470 (Phila. Ct. Cm. Pl. 2009).

[14] Am. Compl. at 6; Eyet Decl. ¶ 13, Ex. I (Bankr. Docket No. 11-19277) (Doc. No. 8-2).

[15] Am. Compl. at 6; Eyet Decl. ¶ 13, Ex. I (Bankr. Docket No. 11-19277).

required to modify the terms of her mortgage.[16]  After she submitted documentation, her request for a modification was denied.[17]

On March 4, 2013, Stephens filed a second Chapter 13 petition in the Bankruptcy Court for the Eastern District of Pennsylvania.[18]  That action was dismissed for failure to make plan payments on August 28, 2013.[19]

Stephens filed this action on April 29, 2014.  In her complaint, she alleges that because the mortgage assignment to Aurora was invalid, Aurora did not have the right to foreclose on her property.[20]  She also contends that Nationstar, the current servicer of her mortgage loan, reneged on a workout agreement with Aurora when it refused to accept payments on the agreed-upon terms.[21]

## Discussion

The *Rooker-Feldman* doctrine bars a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In short, a federal district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision.  *See id.* at 293.

---

[16] Am. Compl. at 6.

[17] Am. Compl. at 6.

[18] Eyet Decl. ¶ 14, Ex. J (Bankr. Docket No. 13-11920) (Doc. No. 8-2).

[19] Eyet Decl. ¶ 14, Ex. J (Bankr. Docket No. 13-11920).

[20] Am. Compl at 5, 7.

[21] Am. Compl. at 5-7.

As the Supreme Court has made clear, the doctrine is narrowly applied in limited circumstances. *Exxon Mobil*, 544 U.S. at 292. The doctrine is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. Indeed, it does not apply when the federal plaintiff asserts an independent claim, even one that denies the state court's legal conclusions. *Id.*

The *Rooker-Feldman* doctrine applies where: (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was entered before the federal action was filed; and (4) the plaintiff seeks federal review and rejection of the state judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284). Factors two and four have been characterized as substantive; and one and three, procedural. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The procedural posture will rarely be at issue. *See id.* at 89. The factors that typically drive the inquiry are two and four, the substantive ones. They are key to determining whether a federal suit brought by a state court loser is barred by the doctrine or presents a non-barred independent claim. *Id.* at 85-87.

There is no dispute that the procedural factors are satisfied. Stephens lost in state court when judgment was entered against her. That judgment was entered three years before she filed this action.

The substantive factors are also present. There is no question that Stephens complains of an injury caused by the state court judgment. *See Laychock v. Wells Fargo Home Mortg.,* 399 F. App'x 716, 718 (3d Cir. 2010). She asserts that her

complaint is brought to help her "avoid foreclosure."[22] It is clear that she seeks redress for an injury – imminent foreclosure on her home – produced by the state court's foreclosure judgment. *Sherk v. Countrywide Home Loans, Inc.*, Civ. A. No. 08-5969, 2009 WL 2412750, at *6 (E.D. Pa. Aug. 5, 2009) (plaintiffs' allegation that their mortgage was not properly assigned to mortgagees who foreclosed on home was a complaint of an injury caused by the state court's foreclosure judgment).

Lastly, to grant Stephens relief, we would have to review and reject the state court judgment. That judgment determined that "the mortgage [was] in default, that [Stephens] ha[d] failed to pay interest on the obligation, . . . that the recorded mortgage [was] in the specified amount" and that the mortgage was valid. *Laychock v. Wells Fargo Home Mortg.*, Civ. A. No. 07-4478, 2008 WL 2890962, at *3 (E.D. Pa. July 23, 2008)) (citing *Cunningham v. McWilliams*, 714 A.2d 1054, 1056-57 (Pa. Super. 1998)); Pa. R. Civ. P. 1147 (listing Pennsylvania's pleading requirements for a foreclosure complaint); *In re Randall*, 358 B.R. 145, 158 (Bankr. E.D. Pa. 2006).[23] By the entry of judgment, Aurora's legal right to foreclose on the mortgage was established.

Notwithstanding the judgment, Stephens asks us to require the defendants "to prove clear transfer of title, ownership, and [to] honor" a modified mortgage payment agreement she entered into with Aurora.[24] In other words, she contends that Aurora wrongfully foreclosed on her mortgage. To grant Stephens relief, we would have to reject the state court judgment. *See In re Madera,* 586 F.3d 228, 232 (3d Cir. 2009)

---

[22] Am. Compl. at 7.

[23] *See also* Eyet Decl., Ex. E (state court complaint, No. 090901470) at ¶¶ 9 (alleging that Stephens was in default under the mortgage because she did not make monthly principal and interest payments) and 11 (alleging the amount Stephens owed on the mortgage).

[24] Am. Compl. at 5.

(holding that the *Rooker-Feldman* doctrine barred a wrongful foreclosure action because granting relief would prevent the state court from enforcing its order); *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (same); *see also Laychock*, 399 F. App'x at 718 (finding a wrongful foreclosure action barred by the *Rooker-Feldman* doctrine because granting relief would require a determination that the state court erred in entering the foreclosure judgment).

Whether Aurora was legally entitled to foreclose on the mortgage has already been determined in state court. The issue cannot now be considered in federal court. Therefore, the *Rooker-Feldman* doctrine deprives us of jurisdiction to grant Stephens relief.

## Conclusion

We shall grant the defendants' motions to dismiss because this action is barred by the *Rooker-Feldman* doctrine.[25]

---

[25] In light of our determination that the *Rooker-Feldman* doctrine bars Stephens' claims, we do not address whether state principles of preclusion would bar this action or whether her claims are insufficient under Rule 12(b)(6).